**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JENNIFER TEXEIRA, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ENHANCED RECOVERY COMPANY, LLC<br><br>Defendants. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff JENNIFER TEXEIRA (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorney, Joseph H. Mizrahi Law, P.C., against Defendant ENHANCED RECOVERY COMPANY, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant's principal place of business is located in Jacksonville, Florida.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## **CLASS ALLEGATIONS**

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who were sent collection letters and/or notices from Defendant attempting to collect an obligation owed to or allegedly owed to T-Mobile, in which Defendant improperly attempted to collect same, in violation of 15 U.S.C. §1692 *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection Letter and/or notices from Defendant that fail to adequately advise the consumer of their rights in violation of the FDCPA. Plaintiff is complaining of a standard form Letter and/or notice that is sent to hundreds of persons (*See* Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are

> entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
>
> d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT PARTICULAR TO JENNIFER TEXEIRA

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect on an unpaid account originally owed to Comenity Bank.

17. On or around June 8, 2017, Defendant sent Plaintiff a collection letter (the "Letter"). *See* Exhibit A.

18. The Letter was sent or caused to be sent by persons employed by Defendant, as "any person that uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts…" as defined by 15 U.S.C. §1692a(6).

19. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. The Letter was an initial communication between Plaintiff and Defendant.

21. The backside of the letter contained the 1692g Validation Notice.

22. The Letter provided Plaintiff with 30 days to dispute the validity of the debt.

23. Notwithstanding said Validation Notice, Defendant purported to provide Plaintiff a settlement opportunity, with an expiration date within the 30-day Validation window.

24. Separately, following the settlement offer, the Letter states: "Please note, as your account would be settled for less than the full original balance, a remaining balance will reflect with T-Mobile."

25. Further, on the third page of the Letter, Defendant states in pertinent part: "If you have agreed to a payment arrangement, the summary page will reflect that arrangement. If no payment arrangement has been agreed to, the summary will reflect "No payment arrangements currently on file" and you may consider this letter an offer to settle for the amount stated $328.04.

26. To date, Plaintiff has not made any payment arrangements.

27. As a result of the following Counts Defendant violated the FDCPA.

### First Count
### Violation of 15 U.S.C. §§ 1692e and 1692f, *et seq*
### False or Misleading Representations as to Plaintiff's Rights

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

31. Defendant's June 8, ,2017 Letter proposes to confirm an alleged agreement reached by the parties in order to settle the outstanding obligation.

32. While the parties had communicated on one occasion, no payment arrangement was ever made between Plaintiff and Defendant.

33. Defendant intentionally provided Plaintiff with false and/or misleading information.

34. Reading the letter as a whole, Defendant falsely indicated to the least sophisticated consumer in its June 8, 2017 communication that the parties had come to an agreement to settle the account for $328.04.

35. In reality, Plaintiff never agreed to Defendant's settlement offer.

36. Defendant attempted to mislead Plaintiff into believing that a deal had been reached, thereby pressuring Plaintiff to make good on her alleged promise.

37. In the alternative, this is a collection ploy to urge the least sophisticated consumer to call Defendant and thus be subject to more pressing collection efforts.

38. This effectively confused Plaintiff and the least sophisticated consumer as to her rights.

39. This is a misleading collection practice in violation of the FDCPA.

40. Defendant's misrepresentations are "material" as that term is defined and used by the FDCPA.

## Second Count
### Violation of 15 U.S.C. § 1692e, *et seq*
### False and Misleading Representations

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

44. For purposes of 15 U.S.C. § 1692e, the failure to clearly provide the consumer with complete and accurate information notifying them of their rights and obligations is unfair and deceptive to the least sophisticated consumer.

45. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

46. The question of whether a collection Letter is deceptive is determined from the perspective of the "least sophisticated consumer."

47. Because the collection Letter in the instant case was reasonably susceptible to an inaccurate reading concerning Plaintiff's right to settle the subject account, it is deceptive within the meaning of the FDCPA.

48. When confronted with the Defendant's Letter which states, "Please note, as your account would be settled for less than the full original balance, a remaining balance will reflect with T-Mobile," it is reasonable for the least sophisticated consumer to believe that payment of Defendant's settlement offer would resolve her debt with T-Mobile.

49. When confronted with Defendant's Letter which states, "Please note, as your account would be settled for less than the full original balance, a remaining balance will reflect with T-Mobile," it would be reasonable for the least sophisticated consumer to understand that statement to mean that in order to resolve the debt payment would have to be made in full. That would be inaccurate since Defendant is simultaneously offering to settle the account with Plaintiff.

50. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct because it would affect Plaintiff's decision whether to resolve the account. Plaintiff and the least sophisticated consumer would be more inclined to accept the settlement offer if it would mean what a "settlement offer" generally means: that the debt would no longer be owed.

51. Because the Letter, for the reasons described above, could be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, such violates 15 U.S.C. §1692e.

**Second Count**
**Violation of 15 U.S.C. § 1692g**
**Overshadowing Validation Rights**

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "51" herein with the same force and effect as if the same were set forth at length herein.

53. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

54. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

55. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

56. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

57. An initial demand letter absent a proper validation notice is a violation of 15 U.S.C. § 1692g.

58. An initial demand letter must inform the least sophisticated consumer of her right to dispute the alleged debt.

59. Defendant's notice included the validation notice language.

60. Nonetheless, Defendant violated 15 U.S.C. § 1692g by effectively overshadowing the validation notice on the letter it sent to Plaintiff.

61. The letter is dated June 8, 2017.

62. The letter demands payment by June 30, 2017.

63. The letter fails to indicate the "transitory language" indicating that nothing in the communication is meant to overshadow your right to dispute the debt.

64. Alternatively, this was not the initial communication and Defendant, by providing the validation rights, elected to provide Plaintiff with 30 extra days to dispute her debt.

65. As such, Defendant was required to comply with Plaintiff's Validation Rights but it failed to do so by demanding payment within the 30-day Validation period.

66. The Settlement Due date, by falling within the validation period, is inconsistent with the consumer's right to demand verification and/or dispute the debt, in violation of 15 U.S.C. §1692g.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Joseph H. Mizrahi Law, P.C., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Joseph H. Mizrahi
Joseph H. Mizrahi, Esq.
Joseph H. Mizrahi Law, P.C.
337 Avenue W, Suite 2F
Brooklyn, New York 11223
Phone: (347) 927-4529
Fax:    (347) 665-1545
Email: Jmizrahilaw@gmail.com
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph H. Mizrahi*
Joseph H. Mizrahi, Esq.

Dated:   Brooklyn, New York
         July 18, 2017